UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACKORY JOHN KERR,

    Petitioner,

v.

DALE SCHMIDT,

    Respondent.

Case No. 16-CV-1614-PP

**ORDER DENYING PETITION WITHOUT PREJUDICE (DKT. NO. 1), DENYING AS MOOT THE PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND DISMISSING THE CASE**

Petitioner Zackory John Kerr, who is proceeding without a lawyer, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. He also asked the court for leave to proceed without paying the filing fee. Dkt. No. 2. The case now is before the court for screening under Rule 4 of the Rules Governing §2254 Proceedings.

**I.    BACKGROUND**

On December 13, 1994, the petitioner was convicted in Milwaukee County Circuit Court, Case No. 1994CF943412, of second degree sexual assault and attempted second degree sexual assault, after entering an Alford plea.[1] Dkt. No. 1 at 2. The state court sentenced him to serve five years in custody, with three years of probation to be served consecutively. Id. In the

---

[1] Under North Carolina v. Alford, 400 U.S. 25 (1970), "an individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37.

1

section of the petition which asks whether the petitioner appealed his conviction, the petitioner wrote, "unsure." Id. at 3. The petitioner attached to the petition a copy of a print-out of the history of the state-court case (presumably from CCAP). Dkt. No. 1-1 at 12-14. According to that history, the petitioner did not file an appeal; rather, he filed a motion for post-conviction relief in the Milwaukee County Circuit Court some three and a half years after his sentencing. Id. at 12. (The petitioner did not list this motion in Section III of his petition. Id. at 4.) The circuit court denied the motion, and the Wisconsin Court of Appeals affirmed that decision. Id. The petitioner did not appeal the Wisconsin Court of Appeals' decision to the Wisconsin Supreme Court. Id.

On December 6, 2016, the petitioner filed his *habeas* petition in federal court, alleging four grounds. Dkt. No. 1. He alleges that: (1) his conviction was a fundamental miscarriage of justice; (2) he is actually innocent; (3) the conviction and sentencing violated his federal constitutional rights under the Fifth Amendment; and (4) his trial counsel was ineffective, in violation of the Sixth Amendment. Id. at 6-9. For each of these causes of action, the petition asked, "If you did not exhaust your state remedies on Ground X, explain why." The petitioner responded, "I don't have records or transcripts to honestly say!" Id. at 7.

II. **THE COURT MUST DISMISS THE PETITION BECAUSE THE PETITIONER DID NOT EXHAUST HIS STATE COURT REMEDIES.**

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

2

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

Pursuant to 28 U.S.C. §2254(b)(1)(A), federal courts cannot grant *habeas* relief unless the petitioner exhausts the available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation omitted).

A review of the documents the petitioner submitted shows that the petitioner did not exhaust his claims in state court, either through a direct appeal or through Wisconsin's post-conviction motion procedure. The case history (docket report) that the petitioner attached to his petition shows that he did not file an appeal after sentencing. He entered his plea on December 13, 1994, and the state court imposed sentence on January 27, 1995. There was no further activity in the case until June 19, 1998, when he filed his post-conviction motion.

Under Wis. Stat. §809.30(2)(b), someone who wants to appeal a criminal conviction or sentence has to file a notice of intent to seek post-conviction relief

3

within twenty (20) days of the date of "sentencing or final adjudication." The petitioner's sentencing took place on January 27, 1995—that means that he had to file that notice no later than February 16, 1995. But the case history report shows that the petitioner didn't file anything by February 16, 1995, or even in the next year or two. Not only did the petitioner fail to contest his conviction and sentence through a complete round of the Wisconsin appellate review process—he didn't contest it with *any* Wisconsin appellate court.

The petitioner did file a post-conviction motion on June 19, 1998—three and a half years after his sentencing. The court does not know, but assumes that the petitioner filed this motion under Wis. Stat. §974.06(1), which allows a prisoner serving a criminal sentence to file a motion claiming that his conviction or sentence was invalid. That statute allows a prisoner to file such a motion at any time "[a]fter the time for appeal or postconviction remedy provided in s. 974.02 has expired . . . ." The petitioner did not attach his post-conviction motion, so the court does not know what issues he raised in that motion, or whether he raised in that motion any of the grounds he raises in his *habeas* petition.

The Milwaukee County Circuit Court denied that motion six days later. The court does not know the basis for the circuit court judge's denial of the motion. The Wisconsin Circuit Court Access Program shows that the petitioner filed his notice of appeal from that decision on July 16, 1998, and that the court of appeals summarily affirmed the circuit court's decision on September 1, 1999. State v. Zackory Kerr, Appeal No. 1998AP002057-CR, found at

4

https://wscca/wicourts.gov. The circuit court and court of appeals dockets show that the petitioner did not seek review by the Wisconsin Supreme Court of the Wisconsin Court of Appeals' decision. Dkt. No. 1-1 at 12-14; id. In order to have fully exhausted his remedies on the post-conviction motion, he would have had to seek Wisconsin Supreme Court review.

Thus, the records show that the petitioner did not exhaust his remedies in state court. Under 28 U.S.C. §2254(b)(1)(A), the court cannot grant his *habeas* petition. The court must dismiss the petition.

The court will not issue a certificate of appealabililty. A certificate of appealability may issue only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v McDaniel, 529 U.S. 473, 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). The question of whether the petitioner failed to exhaust his state court remedies does not meet this standard,[2] and the court declines to issue a

---

[2] The court understands that the petition alleges that the petitioner was deprived of his Fifth and Sixth Amendment rights. But the court does not decide those issues (it cannot)—it decides only that the petitioner did not exhaust his remedies on those claims.

certificate of appealability.

### III. CONCLUSION

For the reasons explained in this order, the court **DENIES WITHOUT PREJUDICE** the petition, dkt. no. 1, and **DENIES AS MOOT** the petitioner's motion to proceed *in forma pauperis*. Dkt. No. 2. The court **ORDERS** that the case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 11th day of January, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

6

Case 2:16-cv-01614-PP   Filed 01/11/17   Page 6 of 6   Document 7