UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACKORY JOHN KERR,

    Petitioner,

v.

DALE SCHMIDT,

    Respondent.

Case No. 16-CV-1614-pp

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER (DKT. NO. 9)**

On December 6, 2016, Zackory John Kerr filed an unsigned petition for writ of *habeas corpus*. Dkt. No. 1. On December 14, 2016, after the clerk's office notified him that he hadn't signed the petition, the court received from the petitioner the signature pages. Dkt. No. 6. On January 11, 2017, the court denied the petitioner's motion for leave to proceed without prepayment of the filing fee, and dismissed the case for failure to exhaust his state court remedies. Dkt. No. 7. The court entered judgment on January 23, 2017. Dkt. No. 8. Seven days later, the petitioner filed a motion for reconsideration, arguing that the court had failed to take into consideration that he had pled a fundamental miscarriage of justice because "the alleged constitutional error probably resulted in the conviction of an innocent man." Dkt. No. 9 at 1.

The petitioner doesn't point to a rule that would allow him to file a motion to reconsider. There is one—it is Rule 59(e) of the Federal Rules of Civil Procedure. That rule allows a party to ask the court to alter or amend a

1

judgment, as long as the party files the motion within twenty-eight days after the court enters the judgment. Because the plaintiff filed his motion well within that twenty-eight day period, the court will treat the plaintiff's motion as a motion to alter or amend the judgment under Rule 59(e). To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must clearly establish a manifest error of law, or show that there has been an intervening change in the controlling law, or present newly discovered evidence. See Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998).

The petitioner brought this case to challenge his January 27, 1995 conviction in Milwaukee County Circuit Court; as the court noted in its January 11, 2017 order of dismissal, the plaintiff was convicted as result of entering an Alford plea. Dkt. No. 7 at 1. The petitioner did not appeal that conviction and sentence, and he waited three and a half years—until June 19, 1998—to file a motion for post-conviction relief. Id. at 2. The Milwaukee County Circuit Court denied that motion; the petitioner did appeal from that decision, and the court of appeals affirmed on September 1, 1999. Id. at 4-5. The petitioner did not seek review of the appellate court's decision. Id. at 5. On October 22, 1999, The Wisconsin Court of Appeals affirmed the circuit court's order denying relief. State v. Kerr, Appeal No. 1998AP002057-CR, found at https://wcca.wicourts.gov. At the time that this court issued its order of dismissal, the petitioner had not filed anything in his state case since October 11, 2010.

In his Rule 59(e) motion, the petitioner does not allege that the law has changed since the court dismissed his petition. Nor does he allege that he has come across newly discovered evidence. He argues that his conviction constituted a "'fundamental miscarriage of justice' in that the alleged constitutional error probably resulted in the conviction of an innocent man." Dkt. No. 9 at 1. In order for the court to grant the petitioner's motion on that ground, it must find that in dismissing the petitioner's case, the court committed a manifest error of law. A "manifest error of law" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The court did not commit a manifest error when it concluded that the petitioner had not exhausted his state court remedies. In its order of dismissal, the court acknowledged that the petitioner had claimed in his petition that he was actually innocent. Dkt. No. 7 at 2. The court did not consider the question of whether the petitioner had proven actual innocence, however, because he never gave the *state courts* the opportunity to make that determination. That is what exhaustion of remedies is all about—before the petitioner brings an argument to the federal court, he must give the *state courts* a chance to decide if that issue has merit. Because the petitioner did not give the state courts a chance to rule on his actual innocence claim (by appealing his conviction, or by asking the Supreme Court to review his post-conviction claims), this court could not consider it.

Even if the court had reached the petitioner's actual innocence claim, he has not submitted sufficient evidence to prevail on such a claim. To show actual innocence, a petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). As the Supreme Court explained in McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013), "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

The petitioner acknowledges he does not have any new evidence. Rather, he argues that because of the way things played out in his state court case, he never had a chance to find out if DNA evidence would have exonerated him. He asserts that he had asked his trial lawyer to compel the state to produce DNA results, but that the state never provided it; he indicates that in the middle of trial, his lawyer told him that the state wasn't going to produce the DNA results, and so the petitioner had better plead guilty or he'd get sentenced to forty years. Dkt. No. 9 at 1. The plaintiff alleged in the petition that he "never received the benefit of utilizing a private investigator nor DNA analysis in preparation toward his defense which would have gain [sic] either the advantage of material exculpatory evidence or evidence establishing guilt." Dkt.

4

No. 1 at 9. So—rather than submitting new evidence showing that he actually is innocent, the petitioner is asking this court to give him a chance to have DNA analysis conducted, in the hope that he might conclusively establish either his guilt or innocence. That is not an actual innocence claim—and it is a claim that he should have raised in state court by appealing his conviction over two decades ago.

Finally, the court notes that a review of the state court docket indicates that on February 23, 2017, the petitioner filed a notice of intent to pursue post-conviction relief in his state case. State v. Zackory John Kerr, Case No. 1994CF943412, Milwaukee County Circuit Court, accessed at https://wcca.wicourts.gov. That notice was forwarded to the State Public Defender's Office on February 27, 2017. Id. If the petitioner exhausts his remedies on that motion—litigates it all the way up to the Wisconsin Supreme Court, and is unsuccessful—he may again seek relief from this court.

The court **DENIES** the petitioner's motion to reconsider. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 24th day of August, 2017.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**